# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| LAURA A. GENS, | Case No. 17-cv-03601-BLF |
| Debtor-Appellant, | Bankr. Case No. 15-br-53562 |
| v. | **ORDER GRANTING MOTION TO DISMISS APPEAL** |
| DORIS KAELIN, Chapter 7 Trustee, | [Re: ECF 10] |
| Appellee. | |

Debtor-Appellant Laura A. Gens ("Debtor") has had a long-running dispute with Wells Fargo Bank, N.A. ("Wells Fargo") over a loan secured by her multi-million dollar residential property ("the Property") located in Palo Alto, California. Debtor has filed four bankruptcy cases in the past seven years, thereby preventing Wells Fargo from foreclosing on the Property.[1] In the present appeal, Debtor seeks review of two orders of the bankruptcy court, the first authorizing the sale of the Property ("Sale Order") and the second expunging lis pendens recorded by Debtor ("Expungement Order"). The Chapter 7 Trustee-Appellee Doris Kaelin ("the Trustee") moves to dismiss the appeal, arguing among other things that the appeal is moot because the Property has been sold to a good faith purchaser.

For the reasons discussed below, the motion is GRANTED and the appeal is DISMISSED.

---

[1] Debtor's bankruptcy cases include Case Nos. 10-br-55305, 12-br-56055, 13-br-30106, and 15-br-53562.

## I. BACKGROUND

Debtor commenced the bankruptcy case giving rise to the present appeal on November 11, 2015, when she filed a Chapter 11 petition. *See* Chapter 11 Petition, ECF 1 in Case No. 15-bk-53562-SLJ. The bankruptcy court subsequently issued an order converting the Chapter 11 case to a Chapter 7 case over Debtor's objection ("Conversion Order"). *See* Conversion Order, ECF 163 in Case No. 15-bk-53562-SLJ. Debtor's appeal of the Conversion Order was assigned to this Court as Case No. 17-cv-01001-BLF.

While Debtor's appeal of the Conversion Order was pending, the Trustee filed a motion seeking authority to sell the Property to a third-party buyer ("the Buyer") for $4,060,000 and a motion to expunge lis pendens recorded by Debtor. The bankruptcy court granted those motions by means of the Sale Order and Expungement Order which are the subject of the present appeal. *See* Trustee's RJN Exh. C (Sale Order), ECF 10-3; Exh. L (Expungement Order), ECF 10-4. The Sale Order contained an express determination that the Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m). *See* Trustee's RJN Exh. C (Sale Order) at 18-20.

Debtor unsuccessfully moved the bankruptcy court and this Court for a stay pending appeal of the Conversion Order, Sale Order, and Expungement Order. *See* Order Denying Debtor's Motion for Stay Pending Appeal, ECF 37 in Case No. 17-cv-01001-BLF; Trustee's RJN Exhs. G, H, I, and J, ECF 10-4. The Trustee completed the sale of the Property to the Buyer, Kaelin Decl. ¶ 4, ECF 10-1, and the Property was conveyed to the Buyer by means of a grant deed recorded with the Santa Clara County Recorder's Office on August 9, 2017, Trustee's RJN Exh. K (Grant Deed), ECF 10-4. The Expungement Order was recorded on the same date. Trustee's RJN Exh. L (Expungement Order), ECF 10-4. Debtor nonetheless refused to turn over the Property. The bankruptcy court recently found Debtor to be in contempt of its orders requiring her and all occupants to vacate the property. Order Finding Contempt and Imposing Sanctions, ECF 461 in 15-bk-53562-SLJ. It imposed sanctions equal to the costs incurred to enter and clean the Property, including compensation to the U.S. Marshals Service, a locksmith, security personnel, movers, and a cleaning service. *Id.* at 10.

On August 28, 2017, Debtor filed a request for voluntary dismissal of her appeal of the

Conversion Order. *See* Request for Voluntary Dismissal, ECF 39 in Case No. 17-cv-01001-BLF. Debtor stated that in light of the sale and transfer of the Property, it was pointless to pursue the appeal because even if she were to prevail she "would nonetheless not be able to effectively save her family home, which was the purpose of this appeal." *Id.* at 2. The Court granted Debtor's request and dismissed her appeal of the Conversion Order on August 29, 2017. Dismissal Order, ECF 40 in Case No. 17-cv-01001-BLF.

Debtor has not requested voluntary dismissal of the present appeal of the Sale Order and Expungement Order, but neither has she filed her designation of items to be included in the record on appeal, which was due July 3, 2017, or opposition to the present motion to dismiss, which was due September 6, 2017. *See* Fed. R. Bankr. P. 8009(a) (appellant must file designation of record on appeal within fourteen days after notice of appeal); Civ. L.R. 7-3(a) (opposition to motion to dismiss due within fourteen days after motion is filed).[2] The Court previously vacated the hearing on the motion to dismiss and ordered that it be submitted without oral argument upon the completion of briefing. *See* Order Vacating Hearing, ECF 16. The deadline for opposition having expired, the motion to dismiss is ripe for decision.

## II. DISCUSSION

The Trustee seeks dismissal of the appeal on several grounds, arguing that: the sale of the Property moots the appeal of the Sale Order; state law precludes the appeal of the Expungement Order; and the appeal as a whole is subject to dismissal for failure to prosecute.

### A. Sale Order

The Court agrees that Debtor's appeal of the Sale Order is statutorily moot under 11 U.S.C. § 363(m). "Section 363 of the Bankruptcy Code generally allows the trustee to use, sell, or lease property of an estate, other than in the ordinary course of business, after notice and a hearing." *In re Berkeley Delaware Court, LLC*, 834 F.3d 1036, 1039 (9th Cir. 2016) (citing 11 U.S.C. § 363). "The property rights of good faith purchasers participating in such sales are

---

[2] The Trustee indicated in one of her filings that the opposition to the motion to dismiss was due on October 13, 2017. *See* Motion to Expedite Hearing, ECF 15. In an excess of caution, the Court waited until after that date before taking up the motion to dismiss.

3

protected by section 363(m)." *In re Ewell*, 958 F.2d 276, 279 (9th Cir. 1992). That section provides that:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Put more simply, "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *In re Filtercorp, Inc.*, 163 F.3d 570, 576 (9th Cir. 1998). Absent such a stay, the appeal is moot because the reviewing court "cannot grant any effective relief." *In re Ewell*, 958 F.2d at 282.[3]

The bankruptcy court authorized the Trustee's sale of the Property pursuant to 11 U.S.C. § 363(b) and made an express factual finding that the Buyer is a good faith purchaser pursuant to § 363(m). *See* Trustee's RJN Exh. C (Sale Order) at 11-13, 18-19, ECF 10-3. That factual finding of good faith will not be disturbed on appeal unless it is clearly erroneous. *In re Berkeley Delaware Court*, 834 F.3d at 1039. The Bankruptcy Code does not define good faith, but "courts generally have followed traditional equitable principles in holding that a good faith purchaser is one who buys 'in good faith' and 'for value.'" *In re Ewell*, 958 F.2d at 281. "Absence of good faith is typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Berkeley Delaware Court*, 834 F.3d at 1041 (internal quotation marks and citation omitted).

The bankruptcy court's finding of good faith was supported by evidence which included a declaration of the Buyer's representative, Shaozhen Wen, who stated that the Buyer did not have any connection with the Debtor or any other bidders and that the Buyer had not entered into any secret payments, consideration, or agreements. *See* Trustee's RJN Exh. C (Sale Order) at 18, ECF 10-3. The bankruptcy court also relied on the fact that all parties, including the Debtor, the Trustee, and all creditors, received adequate notice of the motion to sell. *Id.* The winning bid

---

[3] The Ninth Circuit has recognized two exceptions to statutory mootness under § 363(m), neither of which is implicated here: "(1) where real property is sold subject to a statutory right of redemption, and (2) where state law otherwise would permit the transaction to be set aside." *In re Ewell*, 958 F.2d at 280.

4

from the Buyer provided value to the estate, specifically $4,060,000. *Id.* Finally, the bankruptcy court addressed and rejected Debtor's arguments in opposition to a finding of good faith. *Id.* For example, whereas Debtor argued that Ms. Wen lacked authority over the Buyer and that the Buyer was not current on its franchise taxes, the bankruptcy court cited Ms. Wen's declaration and other evidence which established that Ms. Wen was an authorized signer for the Buyer and that the Buyer was current on its taxes. *Id.* at 19.

Nothing in this record suggests clear error on the part of the bankruptcy court. Debtor has not identified any error, as she has chosen not to oppose the Trustee's motion to dismiss. "Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal." *In re Ewell*, 958 F.2d at 282. The sale was not stayed. Accordingly, Debtor's appeal of the Sale Order is moot.

### B. Expungement Order

This Court lacks jurisdiction to consider Debtor's appeal of the Expungement Order. Although the issue of jurisdiction is not raised by the Trustee, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). This Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). Under that statute, this Court has jurisdiction to hear appeals "from final judgments, orders, and decrees," and "from interlocutory orders and decrees" which are filed with leave of court. 28 U.S.C. § 158(a).[4] "[A]n order expunging a lis pendens is typically interlocutory and therefore unappealable." *In re Gonzalez*, 2012 WL 603747, at *5 (BAP 9th Cir. Feb. 2, 2012); *see also In re Remmert*, 2010 WL

---

[4] Section 158 also grants district courts jurisdiction over appeals "from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title." 28 U.S.C. § 158(a)(2). That provision does not apply here.

6259959, at *3 (BAP 9th Cir. Dec. 22, 2010) ("[G]enerally an order expunging a lis pendens is held to be interlocutory because it does not end the litigation on the merits."). Debtor did not obtain leave of court to file an appeal from the bankruptcy court's Expungement Order.

A court may, in the exercise of its discretion, construe an appeal of an interlocutory order as a motion for leave. *See In re Remmert*, 2010 WL 6259959, at *4; *In re First Korean Christian Church of San Jose*, No. 5:16-CV-01959-EJD, 2017 WL 4340357, at *2 (N.D. Cal. Sept. 29, 2017). However, even if it were to grant Debtor leave to appeal the Expungement Order, the Court nonetheless would lack subject matter jurisdiction because the appeal is constitutionally moot.[5] "Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III." *In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016). The test for constitutional mootness of an appeal is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Id.* at 968-69 (internal quotation marks and citation omitted). "If it cannot grant such relief, the matter is moot." *Id.* at 969.

The purported basis for the lis pendens addressed by the bankruptcy court's Expungement Order was Debtor's appeal of the bankruptcy court's Conversion Order. *See* Trustee's RJN Exh. E (Hearing Transcript) at 19:16-25, ECF 10-4. That appeal has been dismissed by Debtor and therefore no longer is pending. *See* Dismissal Order, ECF 40 in Case No. 17-cv-01001-BLF. "A lis pendens provides notice that an action which affects title of real property or right of possession of designated real property has been instituted and *is pending*." *In re Remmert*, 2010 WL 6259959, at *4 (internal quotation marks and citation omitted). "A lis pendens is tied to the underlying litigation it references and has no existence separate and apart from the specific pending action." *Id.* This Court therefore cannot grant Debtor the relief she seeks, that is, reinstatement of the lis pendens, because the purported basis for the lis pendens no longer exists.[6]

---

[5] Constitutional mootness is distinct from statutory mootness under § 363. *In re Castaic Partners II, LLC*, 823 F.3d 966, 968 (9th Cir. 2016) ("In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory.") (internal quotation marks and citation omitted).

[6] In light of its disposition of the appeal on the grounds discussed above, the Court need not reach the Trustee's additional arguments regarding state law and failure to prosecute.

**III. ORDER**

For the reasons discussed above,

(1) The Trustee's motion to dismiss the appeal is GRANTED;

(2) The appeal is hereby DISMISSED; and

(3) The Clerk is directed to close the file.

Dated: October 23, 2017

_____
BETH LABSON FREEMAN
United States District Judge